# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
FREEMAN SR., LOUIS JAMES § Case No. 10-02490
FREEMAN, ALBERTA §
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of    $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]    $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was       and the deadline for filing governmental claims was      . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $     . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $     as interim compensation and now requests a sum of $    , for a total compensation of $    [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $    , and now requests reimbursement for expenses of $    , for total expenses of $    [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Phillip D. Levey_____
                                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 10-02490 | EW | Judge: EUGENE R. WEDOFF | Trustee Name: | Phillip D. Levey |
| Case Name: | FREEMAN SR., LOUIS JAMES | | | Date Filed (f) or Converted (c): | 01/22/10 (f) |
| | FREEMAN, ALBERTA | | | 341(a) Meeting Date: | 03/01/10 |
| For Period Ending: | 10/19/12 | | | Claims Bar Date: | 06/21/10 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 1507 5th Ave. Chicago Heights, IL 60443 | 68,000.00 | 8,982.12 | | 0.00 | FA |
| 2. 541 Gregory Drive, Chicago Heights, IL 60443 | 57,000.00 | 0.00 | | 0.00 | FA |
| 3. Location: 271 Providence Drive, Matteson IL | 290,000.00 | 21,559.85 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 4. Cash on hand for household use. | 70.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 5. Checking account at TCF Bank located in Chicago He | 20.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 6. 2 checking accounts at Bank Financial located in O | 299.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 7. 1 checking account at Bank Financial located Olymp | 250.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 8. Miscellaneous household goods and furnishings. Loc | 2,500.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 9. Personal clothing. Location: 271 Providence Drive, | 4,500.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 10. Certificate of Deposit at Charter One Bank, Chicag | 714.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 11. Value City Furniture 401k plan. | 0.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 12. Blue Cross Blue Shield of IL 401k plan. | 0.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 13. ROTH IRA account held by Charter One Bank, Chicago | 6,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 14. ROTH IRA at Charter One Bank Chicago Heights, IL | 6,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 2

Exhibit A

| Case No: | 10-02490 | EW | Judge: EUGENE R. WEDOFF | | Trustee Name: | Phillip D. Levey |
|---|---|---|---|---|---|---|
| Case Name: | FREEMAN SR., LOUIS JAMES | | | | Date Filed (f) or Converted (c): | 01/22/10 (f) |
| | FREEMAN, ALBERTA | | | | 341(a) Meeting Date: | 03/01/10 |
| | | | | | Claims Bar Date: | 06/21/10 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 15. Debtors have in their possession a check for $80,8 | 80,823.53 | 80,823.53 | | 80,823.53 | FA |
| 16. 1998 Honda Accord automobile. Location: 271 Provid | 3,500.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 17. 2007 Toyota Camry 4D Sedan LE VIN 4T1BE46K67U55813 | 11,000.00 | 0.00 | | 0.00 | FA |
| 18. Floor scrubber/polisher. Location: 271 Providence | 200.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 19. 1995 Breckenridge Park Model Trilerhomew/lot. | 14,100.00 | 2,839.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 20. Insurance Recovery (u) | 0.00 | 6,922.40 | | 6,922.40 | FA |
| 21. Post-Petition Interest Deposits (u) | Unknown | N/A | | 26.35 | Unknown |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $544,976.53 | $121,126.90 | | $87,772.28 | $0.00 |

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 11/30/11     Current Projected Date of Final Report (TFR): 10/31/12

LFORM1   UST Form 101-7-TFR (5/1/2011) *(Page: 4)*                                                                                                   Ver: 17.00b

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-02490
Case Name: FREEMAN SR., LOUIS JAMES
      FREEMAN, ALBERTA
Trustee Name: Phillip D. Levey

      Balance on hand        $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Trustee Expenses: Phillip D. Levey | $ | $ | $ |
| Attorney for Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Other: International Sureties, Ltd. | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____
    Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002 | Commonwealth Edison Company | $ | $ | $ |
| 000003 | Chase Bank USA, N.A. | $ | $ | $ |
| 000004 | FIA Card Services, NA/Bank of America NA USA and | $ | $ | $ |
| 000005 | RBS Citizens | $ | $ | $ |
|  | CitiMortgage, Inc. | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance                                              $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be         percent.

Tardily filed general (unsecured) claims are as follows:

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

NONE

       Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

       Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

       To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of     % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $     . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

       The amount of surplus returned to the debtor after payment of all claims and interest is $     .